# EXHIBIT C

**From:** Bral, Derek <dbral@FraserStryker.com>
**Sent:** Monday, January 22, 2024 1:44:08 PM
**To:** Martos, Martin R. <MMartos@foxrothschild.com>; Winslow, Gabrielle <GWinslow@foxrothschild.com>
**Cc:** Adam, Jordan <JADAM@FraserStryker.com>; Ebad Khan <ekhan@city-ventures.com>; Shotkoski, Paul <PSHOTKOSKI@FraserStryker.com>; Evan White <EWhite@city-ventures.com>
**Subject:** [EXT] Savista, LLC v. GS Labs, LLC (1:23:CV-06445)

Mr. Martos and Ms. Winslow,

Please see the attached Answers to Interrogatories and correspondence regarding the above-referenced litigation.

Kind regards,

**Derek T. Bral**
Attorney
**DIRECT:** 402.978.5278

**EMAIL:** dbral@fraserstryker.com    Visit my bio



Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
fraserstryker.com

The information contained in this message is confidential and may be attorney-client privileged. It is intended only for the use of the individual or entity identified above. If the receiver of this message is not the intended recipient, you are hereby notified that reading, distribution, use, or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender by replying to the address noted above and delete the message.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| SAVISTA, LLC, | ) | |
| | ) | Civil Action No. 1:23-cv-06445 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GS LABS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### SAVISTA, LLC'S FIRST INTERROGATORIES

Plaintiff Savista, LLC, pursuant to Federal Rule of Civil Procedure 33, by and through its undersigned counsel, hereby requests that Defendant GS Labs, LLC answer the following interrogatories within 30 days of service thereof.

### DEFINITIONS

1.      "Savista" or "Plaintiff" means Savista, LLC, and any of its employees, officers, directors, agents, representatives, predecessors, parents, subsidiaries, affiliates, and/or assigns.

2.      "Defendant," "You/Your," or "GS Labs" means GS Labs, LLC, and any of its employees, officers, directors, agents, representatives, predecessors, parents, subsidiaries, affiliates, and/or assigns.

3.      "City+Ventures" means City Ventures, LLC, and any of its employees, officers, directors, agents, representatives, predecessors, parents, subsidiaries, affiliates, and/or assigns.

4.      "Action" or "Complaint" means the lawsuit that Savista filed on August 29, 2023, in the Northern District of Illinois, Eastern Division, Case No. 1:23-cv-06445.

5.      "Agreement" means the Master Services Agreement executed by Savista and GS Labs on November 23, 2021, including any related amendments or Statement of Works executed pursuant thereto.

6.      "SOW" or "Statement of Work" means "any document(s) Savista and [GS Labs] have executed pursuant to this Agreement that describes any of the Savista Service(s) which are provided to [GS Labs]," as defined in the Agreement.

7.      "Savista Service(s)" means "Savista's professional, consulting, or contracting services, and any Savista Deliverable(s) identified under any SOW," as defined in the Agreement.

8.      The phrases "relates to," "related to," "relating to," and "regarding," mean directly or indirectly supporting, evidencing, identifying, stating, describing, mentioning, reflecting, referring to, dealing with, contradicting, compromising, concerning or in any way pertinent to the subject matter in question, or having any logical or factual connection whatsoever with the subject matter in question, including any communications with or about the subject matter in question.

9.      As used herein, the term "document" includes written, printed, typed, recorded or graphic matter, however produced or reproduced, including correspondence, telegrams, other written communications, data processing storage units, tapes, contracts, agreements, notes, memoranda, telephone messages, analyses projections, indices, work papers, studies, surveys, diaries, calendars, films, photographs, minutes of meetings or any other writing (including copies of any of the foregoing, regardless of whether you are now in possession, custody or control of the original) now in your possession, custody or control or the possession, custody or control of your former or present counsel, agents, employees or any other person acting on their behalf.

10.     "Document" also includes "electronically stored information" compromising all writings, drawings, graphs, charts, photographs, sound recordings, images, e-mail and other data or data compilations stored in any medium from which information can be obtained which are in Your possession, custody, or control. Electronically stored information shall be produced in its native electronic format, including all edits and metadata. If such information is not located in an

active file on any computer or other electronic device in your possession or control but rather is located in an archived storage system, you are directed to access that archived storage system to produce the requested information.

11.     As used herein, "communicate" or "communication" mean any manner or form of information or message transmission, however produced or reproduced, whether by "document," as herein defined, or orally or otherwise, which is made, distributed, or circulated between or among persons, or date storage or processing units, and any and all documents containing, consisting of, or relating or referring in any way, either directly or indirectly, to a communication.

12.     "Identify" means to provide a complete and detailed description of the person, event, occurrence, act, or instance that is the subject of the corresponding interrogatory.

13.     As used herein, "Person" or "Persons" means an individual, a partnership, corporation, or other profit or non-profit business association or entity, and any governmental agency, department, or unit.

14.     As used herein, the term "and/or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

15.     All definitions and rules of construction contained in the Federal Rules of Civil Procedure and Local Rules for the Northern District of Illinois are incorporated in these requests by reference. Terms not otherwise defined herein shall have the meaning ascribed to them in the Complaint.

16.     Capitalized terms not otherwise defined herein retain their common and usual meaning. Any ambiguity in these requests shall be resolved so as to construe these requests as broadly as possible.

17.     GS Labs must supplement its written responses to these discovery requests through the pendency of this action, and to advise at the earliest time possible of the existence of any additional documents that should have been, but were not, originally provided by GS Labs in response to these discovery requests.

18.     Unless otherwise specified, the relevant time period for each request is from January 1, 2021 to the present.

## INTERROGATORIES

1.     **For all Persons with knowledge about the subject-matter of this Action, identify the topics relating to this Action on which the Person is knowledgeable.**

The following are all Persons with knowledge of the subject-matter of this Action:

a.   GS Labs, LLC – The contracting party to the Agreement with Savista.

b.   City Ventures – The parent company to the GS Labs, LLC.

c.   Jessica Thompson (GS Labs Employee) – Knowledge of the negotiations for the subsequent amendments and SOWs to the Agreement, and knowledge of the Savista Services.

d.   Kirk Thompson (GS Labs Operating Manager) – Knowledge of the Agreement and subsequent amendments and SOWs to the Agreement and knowledge of the Savista Services.

e.   Greg Wilson (City Ventures Employee) – Knowledge of the negotiations for the subsequent amendments and SOWs to the Agreement, and knowledge of the Savista Services.

f.   Kelly Strong (Former City Ventures Employee) – Knowledge of the negotiations for the Agreement and subsequent amendments and SOWs to the Agreement and knowledge of the Savista Services.

g.   Sandeep Aluvaka (Former City Ventures Employee) – Knowledge of the Savista

4

Services and knowledge of the claims data and reporting as a member of the data support services team for GS Labs.

h.  Reza Hamidimalayeri (City Ventures Employee, Member of the Data Support Services Team for GS Labs) – Knowledge of the Savista Services and knowledge of the claims data and reporting as a member of the data support services team for GS Labs.

i.  Nick Sudtelgte (City Ventures Employee, Member of the Data Support Services Team for GS Labs) – Knowledge of the Savista Services and knowledge of the claims data and reporting as a member of the data support services team for GS Labs.

j.  Tina Schneckloth (Former GS Labs Employee) – Knowledge of the Savista Services as the manager of revenue cycle management.

k.  Heidi Sibbing (Former GS Labs Employee) – Knowledge of the Savista Services as the co-team leader for revenue cycle management.

l.  Tiffany Distefano (Former GS Labs Employee) – Knowledge of the Savista Services as the co-team leader for revenue cycle management.

2.  **Identify all Persons with whom GS Labs has communicated about the Agreement.**

   See response to Interrogatory No. 1.

3.  **Identify all Persons at City+Ventures who have communicated about the Agreement.**

The following are all Persons at City Ventures who have communicated about the Agreement:

a.  Greg Wilson (City Ventures Employee) – Knowledge of the negotiations for the Agreement and subsequent amendments and SOWs to the Agreement and

knowledge of the Savista Services.

b. Kelly Strong (Former City Ventures Employee) – Knowledge of the negotiations for the Agreement and subsequent amendments and SOWs to the Agreement and knowledge of the Savista Services.

c. Sandeep Aluvaka (Former City Ventures Employee) – Knowledge of the Savista Services and knowledge of the claims data and reporting as a member of the data support services team for GS Labs.

d. Reza Hamidimalayeri (City Ventures Employee, Member of the Data Support Services Team for GS Labs) – Knowledge of the Savista Services and knowledge of the claims data and reporting as a member of the data support services team for GS Labs.

e. Nick Sudtelgte (City Ventures Employee, Member of the Data Support Services Team for GS Labs) – Knowledge of the Savista Services and knowledge of the claims data and reporting as a member of the data support services team for GS Labs.

4.    **Identify all Persons involved in any way with negotiating the Agreement.**

The following are all Persons involved in any way with negotiating the Agreement:

a. Jessica Thompson (GS Labs Employee) – Knowledge of the negotiations for the subsequent amendments and SOWs to the Agreement, and knowledge of the Savista Services.

b. Greg Wilson (City Ventures Employee) – Knowledge of the negotiations for the subsequent amendments and SOWs to the Agreement, and knowledge of the Savista Services.

c. Kelly Strong (Former City Ventures Employee) – Knowledge of the negotiations for the Agreement and subsequent amendments and SOWs to the Agreement and

knowledge of the Savista Services.

5.     **Identify all persons who communicated with Savista regarding payment for services under the Agreement.**

See response to Interrogatory No. 4.

6.     **State the exact dollar amount GS Labs contends it owes but has not paid to Savista for services under the Agreement.**

GS Labs is unable to provide the exact dollar amount GS Labs contends it owes to Savista, however, the approximate dollar amount GS believes it owes but has not paid to Savista is $180,000.

7.     **If GS Labs contends that Savista is not entitled to the damages amount pleaded in the Complaint, state in detail the bases for Your contention.**

GS Labs views the disputed contract terms as fraught with conflicting terms and provisions capable of multiple reasonable interpretations. Under Delaware law, if a factfinder determines that the disputed contract terms are capable of more than one interpretation (which they are), then extrinsic evidence may be used to ascertain the parties' intent. In this case, the extrinsic evidence – which includes statements from Savista representatives – supports GS Labs' position as it relates to the disputed terms.

For example, Savista attempted to bill GS Labs at the highest bracketed fee (42%) for posting activity during Term 2 when those payments were the result of collection efforts that were conducted and compensated in accordance with the parties' prior pay schedule during Term 1. To conclude that Savista is entitled to its highest bracketed fee solely for posting activity would create an unfair windfall for Savista, and would be the type of absurd result that Delaware courts would not recognize. No reasonable party would've agreed to pay such an exorbitant fee for the least valuable task involved in Savista's collection efforts, and statements made before and after execution of the agreement

confirm that this was not what the parties intended.

8.     **Identify all "[t]ext and e-mail messages between representatives of Defendant and representatives of Savista, LLC regarding the terms agreed to between the parties as memorialized per the Master Services Agreement and subsequent amendments at issue in this dispute," as stated in GS Labs' Federal Rule of Civil Procedure 26 Initial Disclosures.**

This interrogatory request is Unduly Burdensome as the text and email messages exchanged between Defendant and Savista are subject to production via Request for Production No. 5, and it is unnecessarily burdensome to provide an itemized response that identifies each and every text message and/or email message exchanged between the parties on the Agreement at issue.

9.     **Identify the role of all Persons involved in any way whatsoever with responding to discovery served by Savista in this Action.**

See response to Interrogatory No. 1.


Dated: December 1, 2023                          Respectfully submitted,

                                                 SAVISTA, LLC

                                                 By:   _/s/ Gabrielle E. Winslow_____
                                                          One of Plaintiff's Attorneys


Martin R. Martos (#6303908)
Gabrielle E. Winslow (#6330644)
FOX ROTHSCHILD LLP
321 N. Clark Street, Suite 1600
Chicago, IL 60654
Telephone:     312.517.9200
Facsimile:      312.517.9201
mmartos@foxrothschild.com
gwinslow@foxrothschild.com

**<u>CERTIFICATE OF SERVICE</u>**

A true and correct copy of the foregoing was served on December 1, 2023 via email on

the following:

Paul M. Shotkoski
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, Nebraska 68102
(402) 341-6000 (telephone)
(402) 341-8290 (facsimile)
pshotkoski@fraserstryker.com

Ebadullah Khan
City Ventures, LLC
222 S. 15th Street, Suite #1404S
Omaha, Nebraska 68102
(832) 202.6028
ekhan@city-ventures.com

By:  _/s/ Gabrielle E. Winslow_____
         One of Plaintiff's Attorneys